**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: May 01, 2017.**



_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 16-52849-CAG |
| JASON V. KELLER § | |
| DEBTOR(S) § | CHAPTER 13 |
| § | |
| WELLS FARGO BANK, N.A. § | |
| MOVANT § | |
| § | |

## AGREED ORDER MODIFYING STAY

The Court finds that Wells Fargo Bank, N.A. (hereinafter referred to as "Movant"), a secured creditor in this matter, has filed a Motion for Relief from Stay of Act Against Property ("Motion") concerning the collateral described as 210 Denton Dr, San Antonio, Texas 78213 (the "Property") and more particularly described in the deed of trust; that all required notices of the Motion and hearing thereon have been properly served; and that the parties have agreed to modification of the 11 USC §362(a) stay with respect to the Property. Debtor(s) have defaulted in the performance of certain obligations to Movant.

**IT IS THEREFORE ORDERED THAT:**

1. The 11 USC §362(a) stay as to Movant, its successors and/or assigns, in accordance with the parties' agreement, is hereby MODIFIED, and shall remain in effect provided Debtor(s) comply with the following conditions:

a. Debtor(s) shall resume making all future monthly payments to Movant as they become due commencing with the May 2017 payment, each payment to be timely made in accordance with the terms and provisions of the loan documents between Movant and Debtor(s). Payments should be paid to Wells Fargo Bank, N.A., P.O. Box 659568, San Antonio, Texas 78265-9568.

2. Debtor(s)' tendering of a check to Movant which is subsequently returned due to an insufficiency of funds in the account upon which the check is drawn shall not constitute a "payment" as that term is used in Paragraph 1 of this Order.

3. Debtor(s)' subsequent modification of the Plan in response to a notice of default under this Order provided by Movant to Debtor(s) shall not constitute the curing of default described in such notice of default.

4. In the event that Debtor(s) fail to comply with any of the conditions set forth in Paragraph 1 of this Order, and upon Movant's providing to Debtor(s) and Debtor(s)' Attorney written notice of the noncompliance, by first class and certified mail, and upon Debtor(s)' failure to cure the noncompliance within eleven (11) days from the date of the written notice, the 11 USC §362(a) stay as to Movant, its successors and/or assigns, shall be terminated without notice or order of the Court, and Movant, its successors and/or assigns, shall be permitted to exercise any rights granted to it by the loan documents with respect to the Property including, but not limited to, the execution of a non-judicial foreclosure sale of the Property. Debtor(s)' right to notice is expressly limited to two (2) events of noncompliance. Upon the third (3rd) event of noncompliance, the 11 USC §362(a) stay as to Movant, its successors and/or assigns, shall be terminated without further notice or order, and Movant, its successors and/or assigns, shall be permitted to exercise its rights stated herein. Movant shall notify Trustee if stay terminates and Trustee shall cease payments to Movant.

5. If the automatic stay is terminated as to the Property, Movant must provide written notice by regular U.S. mail to the Debtor(s), Debtor(s)' Attorney, and the Trustee. Once the Trustee receives such notice, no further disbursements will be made on Movant's claim until an amended claim is filed by Movant. Trustee reserves the right to object to any amended claim.

6. In the event the Debtor(s) convert to a Chapter 7 during the pendency of this bankruptcy case, the Debtor(s) shall cure all arrearage due to Movant by the date of entry of the Order converting the case. Should the Debtor(s) fail to timely cure said arrearage Movant may abandon the terms of this agreement, and the 11 USC §362(a) stay, if any is in effect, shall terminate without further notice or order of the Court, and Movant, its successors and/or assigns, shall be free to exercise any rights granted to it by the loan documents with respect to the Property including, but not limited to, the execution of a non-judicial

foreclosure sale of the Property.

7. In the event that the stay terminates as to the Property, Movant is relieved of the requirements set forth in FRBP 3002.1(b) and FRBP 3002.1(C) with respect to the Property.

8. To the extent the Property is foreclosed on and sold, any excess proceeds from the sale shall be turned over to the Trustee with a reservation of the issue as to whether the Debtor is entitled to such funds.

IT IS FURTHER ORDERED that the provisions of Bankruptcy Rule 4001(a)(3) are waived and the Order shall be in full force and effect upon signature of this Court.

###

AGREED TO AND APPROVED BY:

_/s/ David Bernard Packard _____
David Bernard Packard / TBN _____
Packard Law Firm
1100 NW LOOP 410 STE 104
SAN ANTONIO, TX 78213-2252
(210) 340-8877
Attorney for Debtor(s)

_/s/ LynAlise K. Tannery _____
Michael J. Burns / TBN 24054447
LynAlise K. Tannery / TBN 24083941
Carlos R. Hernandez-Vivoni / TBN 24096186
Zachary Wright / TBN 24097223
Buckley Madole, P.C.
Attorneys and Counselors
14841 Dallas Parkway, Suite 300
Dallas, Texas 75254
(972) 643-6600
(972) 643-6698 (Telecopier)
E-mail: BkcyAttorneys@BuckleyMadole.com
Attorney for Wells Fargo Bank, N.A.

_/s/David Van Zyl for_____
Chapter 13 Trustee
Mary K. Viegelahn
10500 Heritage Blvd, Suite 201
San Antonio, Texas 78216